UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____

CREATIVE PHOTOGRAPHERS, INC.,

    Plaintiff,

v.

JULIE TORRES ART, LLC,
JULIE TORRES,
MAUNE CONTEMPORARY, LLC, and
INTERNATIONAL FINE ART
DIRECT, LTD.

    Defendants.
_____

Civil Action No.:
1:22-cv-00655-JPB

COMPLAINT AND JURY DEMAND

FIRST AMENDED COMPLAINT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff, CREATIVE PHOTOGRAPHERS, INC. brings this complaint in the United States District Court for the Northern District of Georgia against JULIE TORRES ART, LLC, JULIE TORRES, MAUNE CONTEMPORARY, LLC, and INTERNATIONAL FINE ART DIRECT, LTD. for damages and injunctive relief, and in support thereof state as follows:

## SUMMARY OF THE ACTION

1. Plaintiff CREATIVE PHOTOGRAPHERS, INC. ("CPi" or "Plaintiff") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy, publicly display, and distribute Plaintiff's original copyrighted work of authorship.

2. CPi is a New York Corporation with a business address of 420 East 61st Street, #28E, New York, NY 10065.

3. CPi is a commercial photography agency specializing in representing an elite group of portrait, lifestyle, beauty, and fashion photographers, including Ruvén Afanador ("Afanador") for editorial and commercial licensing.

4. Defendant JULIE TORRES ART, LLC ("Torres Art") is a Domestic Limited Liability Company existing under the laws of the State of Georgia, with headquarters in Atlanta, Georgia, with its registered place of business at 1438 Chattahoochee Avenue NW, Atlanta, Georgia 30318, and can be served by serving its Registered Agent, William Armstrong, 1205 Johnson Ferry Road, Suite 136-105, Marietta, Georgia 30068.

5. Torres Art owns, operates, and is solely responsible for the content posted to the website, www.julietorresart.com, and corresponding social media ("Torres Website").

6. Defendant JULIE TORRES ("Julie Torres") is an individual and the owner of Torres Art. Julie Torres is a resident of Atlanta, Georgia, and can be served by serving Julie Torres at 1438 Chattahoochee Avenue NW, Atlanta, Georgia 30318.

7. Defendant MAUNE CONTEMPORARY, LLC ("Maune") is a Domestic Limited Liability Company existing under the laws of the State of Georgia, with headquarters in Atlanta, Georgia, with its registered place of business at 747-A Miami Circle NE, Atlanta, Georgia 30324, and can be served by serving its Registered Agent, Ramsey Maune, 747-A Miami Circle NE, Atlanta, Georgia 30324.

8. Maune owns, operates, and is solely responsible for the content posted to the website, www.maune.com, and corresponding social media ("Maune Website").

9. Defendant INTERNATIONAL FINE ART DIRECT, LTD. ("IFAD") (together with Torres Art, Julie Torres, and Maune, "Defendants") is a Domestic Limited Liability Company existing under the laws of the State of Ohio, with headquarters in Cleveland, Ohio, with its registered place of business at 1501 Euclid Avenue, Suite 112, Cleveland, Ohio, and can be served by serving its Registered Agent, Contessa Tscherne, at 2769 Stubbins Estates, Brecksville, Ohio 44141.

10. IFAD (trade name "Contessa Gallery") owns, operates, and is solely responsible for the content posted to the website, www.contessagallery.com, and corresponding social media ("IFAD Website") (together with Torres Website and Maune Website, "Defendants' Websites").

11. Defendants received a direct financial benefit attributable to the copying of Plaintiff's copyrighted work, which it has the right and ability to control, and enforce.

12. This is a civil action seeking damages, profits, and injunctive relief for copyright infringement under the United States Copyright Act of 1976 (17 U.S.C. § 101 et seq.), based on the Defendants' blatant, willful, and unauthorized use, reproduction, publication, and distribution of a derivative version of Afanador's 2009 black and white photographic portrait of the U.S. Supreme Court Justice Ruth Bader Ginsburg.

13. Defendants knew or should have known that any uses of Plaintiff's copyrighted work as a derivative work would require a license by Plaintiff or Afanador, or otherwise be an infringing use.

14. Defendants' infringing uses of Plaintiff's copyrighted work retain and capture all the essential and distinctive elements of Plaintiff's copyrighted work,

including the distinctive silhouette of Justice Ginsburg, signature collar of her robe, fold of her hands, and most importantly her scholarly gaze into the camera.

15. Torres Art and Julie Torres have produced numerous variations of Plaintiff's copyrighted work, including screen prints, mixed media works, and limited-edition prints, which sell for up to $12,000.00 per work.

16. Defendants are profiting from the infringing uses of Plaintiff's copyrighted work, thereby depriving Plaintiff of actual and potential economic benefits it would have earned and could earn from licensing rights to Plaintiff's copyrighted work, and further diluting its ability to license Plaintiff's copyrighted work.

17. Julie Torres and Torres Art sells its work using third party websites, including Art.sy, Inc. (www.artsy.net), headquartered in New York, New York, and 1stdibs.com, Inc. (www.1stdibs.com), headquartered in New York, New York.

## JURISDICTION AND VENUE

18. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

19. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

20. This Court has personal jurisdiction over Defendants and venue in this District is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district,

Julie Torres, Torres Art, and Maune reside in this district, and Defendants are subject to personal jurisdiction in this district.

21.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Julie Torres, Torres Art, and Maune engaged in infringement in this district, and all Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORKS AT ISSUE

22.    Attached hereto as Exhibit 1 is a copy of the Plaintiff's copyrighted work at issue in this case, including title, registration number, and registration issue date for the copyrighted work infringed by Defendants, and which is referred to herein as "Work." Attached hereto as Exhibits 2a-2d are copies of the unauthorized uses of Work, titles of Julie Torres and Torres Art's infringing work, Defendants' infringing URLs, and Defendants' incidents of public display of Work.

23.    Plaintiff's Work is protected by copyright but is not otherwise confidential, proprietary, or a trade secret.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

24.    Plaintiff represents many celebrated photographers, including Ruvén Afanador.

25. Plaintiff is the exclusive licensee of the photographic images by Afanador, including the copyrighted Work at issue in this litigation. Attached hereto as Exhibit 3a is a true copy of the agreement between Plaintiff and Afanador governing Plaintiff's exclusive right to license Afanador's images, including Work.

26. On behalf of Afanador, Plaintiff obtained a Certificate of Registration with the United States Copyright Office for the Work, said Certificate of Registration bearing a Registration Decision Date of May 21, 2021, and an Effective Date of Registration of February 05, 2021.

27. Attached hereto as Exhibit 3b is a true copy of the United States Copyright Office Certificate of Registration VA 2-252-202.

28. Plaintiff, as the exclusive licensor of the Work, has also been expressly authorized by Afanador to enforce Afanador's copyright in Work, including representing Afanador in U.S. District Court.

29. The Work is an original work of authorship.

30. Defendants have never been licensed to use or display the Work at issue in this action for any purpose.

31. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work.

32. On or about October 1, 2021, Plaintiff discovered the unauthorized use by Defendants of the Work. Thereafter, additional unauthorized uses of the Work by Defendants were discovered.

33. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

34. Defendants copied and distributed Plaintiff's copyrighted Work in connection with its businesses for purposes of advertising and promoting Defendants' businesses and corresponding services.

35. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibits 2a-2d.

36. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

37. As of the date of this filing, Defendants have blatantly refused to remove the online display of their unauthorized uses of, and offers to sell, the Work on Defendants' Websites.

38. Afanador's name and copyright information is prominently displayed on all primary sources of Work displayed online, including the top four URLs featured in Google. Attached hereto as Exhibit 4 are examples of such displays.

39. Afanador's name and copyright information is easily available with a simple online reverse search of the Work.

40. Julie Torres and Torres Art explicitly omitted Afanador's name and copyright information before using Work for the source of their infringing use of Work.

41. As of the date of this filing, Defendants have refused to acknowledge or credit Afanador in any use of Work, despite explicit knowledge Afanador is the author and copyright holder of Work.

42. COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

43. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

44. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Work as evidenced by the agreement provided in Exhibits 3a, which is the subject of a valid and complete Certificate of Copyright Registration by the Register of Copyrights as evidenced by the agreement provided in Exhibits 3b.

45. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to do and to authorize others to reproduce, prepare derivative works, distribute copies and display publicly the Work.

46. Plaintiff is informed and believes Julie Torres and Torres Art, without the permission or consent of Plaintiff, copied and used Work for Julie Torres and Torres Art's production of screen prints, mixed media works, and limited-edition prints. In doing so, Julie Torres and Torres Art violated Plaintiff's exclusive rights of reproduction, preparation of derivative works, distribution, and public display of Work. Such actions by Julie Torres and Torres Art constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

47. Plaintiff is informed and believes Torres and Torres Art, without the permission or consent of Plaintiff, authorized the public display of infringing reproductions and derivative works of Work to at least Maune, IFAD, and The Metropolitan Museum of Art. Such actions by Defendants constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

48. Plaintiff is informed and believes the foregoing acts of infringement were willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

49. Plaintiff is informed and believes Defendants have publicly displayed Julie Torres and Torres Art's unauthorized uses of Work. In doing so, Defendants violated Plaintiff's exclusive rights of reproduction, distribution, and public display. Defendants' actions constitute infringement of Plaintiff and Afanador's copyright and exclusive rights under copyright.

50. Defendants have never provided attribution credit to Afanador as the photographer or Plaintiff as the copyright owner of Work, which Defendants have exploited and continue to exploit commercially, thereby misleading the public into falsely believing its infringing uses of Work were created solely by Defendants.

51. Upon information and belief, Julie Torres is the dominant influence in Torres Art, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Julie Torres is jointly and severally liable for direct copyright infringement. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Julie Torres maintained the right and ability to control the infringing activities of Torres Art and had a direct financial interest in those activities by virtue of her ownership in the company and the profits derived from the direct sale of Torres Art's products and services. Accordingly,

Julie Torres is vicariously liable for copyright infringement. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

52. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual and statutory damages, including any attributable profits realized by Defendants attributable to the infringement, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Work.

53. COUNT II: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 1202

54. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

55. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Work before displaying its unauthorized uses of Work. In doing so, Defendants violated 17 U.S.C. § 1202(a)(1) and (b)(1).

56. As a result of Defendants' actions, Plaintiff is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A.  Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B.  Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Work without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C.  Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendants intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D.  Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

E.  Awarding Plaintiff its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F.      Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

RESPECTFULLY submitted this 23rd day of March, 2022

                                    */S/ Gregory S. Smith*
                                    GREGORY SCOTT SMITH
                                    State Bar No. 658377
                                    1055 Prince Ave
                                    Athens, GA 30606
                                    (404) 643-3430
                                    gsmith@srtslaw.com
                                    *Counsel for Plaintiff*

                                    -and-

                                    */S/ David C. Deal*
                                    David C. Deal
                                    The Law Office of David C. Deal, P.L.C.
                                    P.O. Box 625
                                    Charlottesville, VA 22902
                                    434-233-2727, Telephone
                                    david@daviddeal.com
                                    *Pro Hac Vice Counsel for Plaintiff*