THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JULIE TORRES ART, LLC and JULIE ) <br> TORRES, MAUNE CONTEMPORARY, LLC, ) <br> AND INTERNATIONAL FINE ART DIRECT, ) <br> LTD. ) <br> ) <br> Defendants. ) <br> _____ | CIVIL ACTION FILE NO. <br><br> 1:22-cv-00655-JPB |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO**
**DISREGARD PLAINTIFF'S IMPROPER RESPONSE BRIEF [DKT. 32]**

Defendants Julie Torres Art, LLC and Julie Torres (together, "Ms. Torres") hereby move the Court to disregard Plaintiff Creative Photographers, Inc.'s ("CPi") response in opposition to Ms. Torres' Motion to Dismiss [Dkt. 32]. Ms. Torres so moves pursuant to this Court's Standing Order Regarding Civil Litigation Section III(c) and Civil Local Rules 5.1 and 7.1. In support of this request, Ms. Torres states as follows:

Local Rule 7.1(F) provides that the Court may "decline to consider any motion or brief that fails to conform" to the Local Rule requirements, and the Court should

1

do so here.  CPi's brief in opposition to Ms. Torres' Motion to Dismiss ("CPi's Brief") violates almost every Local Rule on the format of motion papers.  It is drafted in less than fourteen-point Times New Roman font.  It does not have a one and a half inch top margin.  It is twenty-five pages as-filed, but with corrected formatting exceeds the twenty-five page limit for response briefs by nearly ten pages, although CPi did not request leave to exceed the page limit.  And, unsurprisingly, CPi's Brief does not have a certification of compliance with the formatting requirements set out in Local Rule 5.1.  Further still, CPi's Brief purports to improperly submit extensive evidence beyond the pleadings.

CPi is not prosecuting this case *pro se*, although much of the case law analyzing formatting issues involves *pro se* parties that receive more leniency because they are not lawyers themselves.  Here, CPi has <u>both</u> Georgia local counsel admitted to this Court and out-of-state lead counsel admitted *pro hac vice*.  Both CPi's lead and local counsel signed CPi's Brief.  There is no excuse.  The result is prejudice to Ms. Torres, who has taken care to brief her motion economically within the bounds of the Local Rules and must still observe an even stricter page limit in reply.

Thus, Ms. Torres respectfully requests that the Court exercise its discretion not to consider CPi's Brief as-filed.  Ms. Torres defers to the Court on whether the

result thereof is treating Ms. Torres' Motion to Dismiss as unopposed, as other Courts in this district have done, or another alternative.

## I. LEGAL STANDARDS

### a. The Relevant Local Rules

The Northern District of Georgia Local Rules provide a number of formatting requirements for briefs filed with the Court. Local Rule 5.1(C) requires 14 point font, if Times New Roman, that is double-spaced except in footnotes and indented citations. Local Rule 5.1(D) requires that filed papers have a top margin of one and a half inches. Local Rule 7.1(D) limits opening and response briefs to twenty-five pages and requires that motion papers have a certification of compliance with LR 5.1. Local Rule 7.1(F) provides that a court may "decline to consider any motion or brief that fails to conform" to the requirements set out in the Local Rules.

Although a "motion to strike" is reserved strictly for pleadings, Courts in this district routinely take up requests to disregard briefs that violate the Local Rules. *See, e.g.*, *Aldridge v. Travelers Home and Marine Ins. Co.*, No. 1:16-cv-01247-SCJ, 2019 U.S. Dist. LEXIS 230313, at *2-3 (N.D. Ga. Feb. 21, 2019) (granting in part motion to strike, construed as a motion to disregard, summary judgment brief that exceeded the page limit); *Pelican Communs., Inc. v. Travel Ctr. Entm't, LLC*, No. 1:15-cv-02878-SCJ, 2019 U.S. Dist. LEXIS 224804, at *2-7 (N.D. Ga. Sept. 16,

2019) (granting motion to disregard a brief that violated the Local Rules and the Court's own order regarding motion practice); *Malone v. Cherokee Cty.*, No. 1:17-cv-1666-WSD, 2018 U.S. Dist. LEXIS 22056, at *5, n.4 (N.D. Ga. Feb. 9, 2018) (declining to consider briefs filed in violation of the Local Rules); *Milon v. Bank of Am., N.A.*, No. 1:14-CV-01405-MHS-GGB, 2015 U.S. Dist. LEXIS 180377, at *10-11 (N.D. Ga. Feb. 19, 2015) (declining to consider opposition to motion to dismiss that violated Local Rules, citing LR 7.1(F)); *Ali v. Pendergast & Assocs., P.C.*, No. 1:12-CV-02983-RWS-GGB, 2014 U.S. Dist. LEXIS 187881, at *6-7 and n.1 (N.D. Ga. May 30, 2014) (noting the Court's decision not to consider response briefs that violated Local Rules, citing LR 7.1(F)); *Mager v. Henry Schein, Inc.*, No. 1:13-CV-3321-WBH, 2014 U.S. Dist. LEXIS 188999, at *2-3 (N.D. Ga. July 30, 2014) (declining to consider improper response brief under Local Rule 7.1(F) and treating summary judgment motion as unopposed).

### b. The Scope of Proper Motion to Dismiss Evidence

It is improper to submit extrinsic evidence outside of the pleadings in a motion to dismiss, whether on a Rule 12(b)(6) motion for failure to state a claim or a Rule 12(b)(1) motion for lack of standing made in the manner Ms. Torres has, as a challenge to the face of the pleading. The Court may only "consider evidence extrinsic to the pleadings on a Rule 12(b)(6) motion to dismiss if (1) the documents

are referred to in the complaint; (2) the evidence is central to the plaintiff's claim; and (3) the evidence's authenticity is not in question." *U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 906 F. Supp. 2d 1264, 1271 (N.D. Ga. 2012); *see also SFM Holdings, Ltd. v. Banc of America Sec., L.L.C.*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Brooks v. Blue Cross & Blue Shield, Inc.*, 116 F.3d 1364, 1368–69 (11th Cir. 1997). A Rule 12(b)(1) motion asserting a lack of standing can be made as a "facial attack" on the Complaint, which "requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted).

## II. ARGUMENT

### a. The Court Can and Should Disregard CPi's Opposition Brief for Local Rule Violations, Whether on Ms. Torres' Motion or Sua Sponte

CPi's Brief blatantly violates Local Rule 5.1 and Local Rule 7.1. The purpose behind these rules is to avoid "[e]xcessively lengthy briefs [that] place an unnecessary burden on the court and opposing parties, who themselves have taken the time to thoughtfully and economically eliminate excessive verbiage from their own briefs, delivering them well within the page limitations that all parties are expected to observe." *Employers Ins. of Wausau v. Latext Const. Co.*, No. 1:01-CV-

1909-BBM, 2003 U.S. Dist. LEXIS 28210, at *50 (N.D. Ga. Sept. 2, 2003). CPi's Brief does just that.

In violation of Local Rule 5.1(C), CPi's Brief is prepared in smaller than 14 point Times New Roman font. In violation of Local Rule 5.1(D), CPi's brief has a top margin that is smaller than one and a half inches. In violation of Local Rule 7.1(D), CPi's Brief exceeds twenty-five pages. When properly formatted, it reaches 35 pages. CPi's Brief further violates Local Rule 7.1(D) by failing to include a certification of compliance with LR 5.1, although CPi could not make such a certification about its brief as-filed.

These violations are surprising in nature and volume, including because CPi is represented by two law firms who should know and familiarize themselves with the Local Rules of practice. Although *pro hac vice* counsel might not be intimately familiar with these rules, as another Court in this district has explained, "the court strongly believes that Rule 11 requires more of local counsel than simply attaching his name to pleadings or motions—he must ensure that Local Rules and the Federal Rules of Civil Procedure are followed even if the pleading or motion is not prepared by him." *Jackson v. Cronic*, No. 2:11-CV-00058-WCO, 2013 U.S. Dist. LEXIS 203141, at *23 (N.D. Ga. Jan. 24, 2013) (quotation omitted); *see also Muzzy Prods. Corp. v. Primos, Inc.*, No. 4:05-CV-0182-HLM, 2006 U.S. Dist. LEXIS 103496, at

*2 (N.D. Ga. Aug. 4, 2006) ("Local counsel bear responsibility for ensuring that pleadings filed by local counsel on behalf of counsel admitted pro hac vice comply with Local Rule 5.1C.").

The Court may decline to consider any motion or brief that does not conform to the requirements of the Local Rules. L.R. 7.1F, NDGa. Such relief is appropriate here where, to CPi's prejudicial advantage, Ms. Torres has already briefed her motion to dismiss in compliance with the Local Rules and must continue to comply with those rules in responding to CPi's forty-percent oversized brief in her reply. There is no reason why CPi, represented by able counsel, should be permitted to flout the rules of practice that even *pro se* parties are required to observe. In disregarding CPi's brief, the Court can consider Ms. Torres' motion unopposed or provide alternative relief such as ordering CPi to make a compliant filing if persuaded by CPi's forthcoming opposition argument. *See*, *e.g.*, *Mager*, 2014 U.S. Dist. LEXIS 188999 at *2-3; *Milon*, 2015 U.S. Dist. LEXIS 180377 at *10-11.

### b. CPi's Introduction of Evidence Beyond the Pleadings in a Motion to Dismiss Opposition is Equally Improper

Ms. Torres' Motion to Dismiss asserts arguments under Rule 12(b)(6) for failure to state a plausible claim and Rule 12(b)(1) for lack of standing that is evident on the face of CPi's Amended Complaint. Neither basis opens up the record beyond the pleadings. Yet, CPi's Brief injects a laundry list of "evidence" that is not present

7

in the Amended Complaint, not incorporated by reference in the Amended Complaint, and not even *implied* in the Amended Complaint.  All of it should be disregarded as improperly submitted.

CPi's outside-the-pleading evidence includes at least the following:

1) A new Declaration of Geoff Katz containing purported factual observations about the CPi and Afanador agreement that contradicts allegations actually pleaded in the Amended Complaint (Dkt. 34);

2) A new unpleaded factual allegation that Afanador has a "signature style of portraiture; black and white, spare, direct, and full of emotional impact that demonstrates an intimacy and connection with his subjects" (Dkt. 32, p. 16);

3) New unpleaded factual allegations and incorporation of Afanador's entire personal website, including portraits not at issue in this case, a list of subjects, and a list of commercial clients (Dkt. 32, p. 17);

4) A new unpleaded factual allegation that "the resulting visual simplicity of Afanador's images, including Work, all are the result of careful planning, timing, instinct, and technical decision making that is the result of decades of experimentation and practice" (Dkt. 32, p. 17);

5)     A new unpleaded factual allegation that CPi has a well-documented history of licensing Afanador's images (Dkt. 32, p. 16);

6)     A third party invoice related to a different Afanador photograph than the one at issue here in Exhibit 1 to the new Katz declaration (Dkt. 34-1);

7)     A purported podcast interview with Ms. Torres (Dkt. 32, p. 18);

8)     Images of works from different cases (Dkt. 32-3, 32-4, 32-5);

9)     Images of other work by Ms. Torres and a third party photo (Dkt. 32-6);

10)     Five different third party websites offered as a purported "record of Afanador's style and technique" (Dkt. 32, p. 24);

11)     A new unpleaded factual allegation that "Afanador is an internationally acclaimed photographer and fine artist who gained his reputation for his ability to both visualize and execute intimate, visually arresting images of his subjects" (Dkt. 32, p. 25);

12)     A new unpleaded factual allegation that CPi has a history "in the derivative market" (Dkt. 32, p. 29);

13)     A new unpleaded factual allegation that there "currently exists an extensive and diverse market to license photographs of celebrities, whether politicians, musicians, or judges" (Dkt. 32, p. 29);

14) A new unpleaded factual allegation that CPi "regularly licenses its photographers' images to advertisers, book publishers, and other third parties for non-editorial use" (Dkt. 32, p. 29);

15) A new and unpleaded "selection of third parties and the corresponding uses to which CPI licenses its photographers' images" (Dkt. 32, p. 29) in Exhibit 7 (Dkt. 32-7)[1]; and

16) A new and unpleaded claim of "harm to CPI's market to license the Work to publications for editorial purposes and to other artists to create derivative works based on the Work" (Dkt. 32, p. 16).

All of the foregoing is improperly before the Court as outside the scope of the Amended Complaint and what could arguably be called incorporated by reference therein.

### III. CONCLUSION

Ms. Torres respectfully requests, for the reasons stated above, that the Court disregard CPi's brief filed in opposition to Ms. Torres' motion to dismiss the First Amended Complaint.

---

[1] Although Ms. Torres submits that the information described in this bullet point should not be a part of the record on her motion to dismiss, Exhibit 7 appears to be a collection of images of Ms. Torres' work and not third party uses of CPi images as indicated in CPi's Brief.

Respectfully submitted this 22nd day of April 2022.

> */s/ Lindsay Mitchell Henner*
> John M. Bowler
> Georgia Bar No. 071770
> john.bowler@troutman.com
> Lindsay Mitchell Henner
> Georgia Bar No. 272310
> lindsay.henner@troutman.com
> TROUTMAN PEPPER
> HAMILTON SANDERS LLP
> 600 Peachtree Street, NE, Suite 3000
> Atlanta, Georgia 30308-2216
> Telephone: (404) 885-3000
> Facsimile: (404) 885-3900
>
> *ATTORNEYS FOR DEFENDANTS JULIE TORRES ART, LLC & JULIE TORRES*

## CERTIFICATION OF COMPLIANCE WITH LR 5.1

Counsel for Defendants Julie Torres Art, LLC and Julie Torres certifies that this paper was prepared with Times New Roman 14-point font.

> */s/ Lindsay Mitchell Henner*
> Lindsay Mitchell Henner

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System which will automatically send email notification of such filing to all attorneys of record.

This 22nd day of April 2022.

*/s/ Lindsay Mitchell Henner*
Lindsay Mitchell Henner