UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____
:
CREATIVE PHOTOGRAPHERS, INC.,     :
                                  :
       Plaintiff,                 :
                                  :
v.                                :     Civil Action No.:
                                  :     1:22-cv-00655-JPB
JULIE TORRES ART, LLC, ET AL,     :
                                  :
       Defendants.                :
_____:

CREATIVE PHOTOGRAPHERS, INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS JULIE TORRES ART, LLC AND
JULIE TORRES' MOTION TO DISREGARD
PLAINTIFF'S IMPROPER RESPONSE BRIEF

**ARGUMENT**

**I.   IMPROPER FORMATTING**

**A. Plaintiff's failure to follow Local Rules 5.1 and 7.1 was the result of David C. Deal.**

Plaintiff concedes it did not follow the clear and unambiguous rules of this Court. Specifically, Plaintiff drafted and submitted a brief [Dkt. 32] that contained Times New Roman font in twelve-point font, instead of the required fourteen-point font. Plaintiff submitted the brief in excess of the twenty-five-page limit. Plaintiff submitted the brief with a top-of-the-page margin of one-inch instead of the one-

and-one-half inch standard. Plaintiff filed its brief without a Certificate of Compliance.

All of the above failures are the result of David C. Deal ("Deal"), Plaintiff's Lead Counsel, admitted Pro Hac Vice in this case. [Deal Declaration].

## II. APPROPRIATE REMEDY FOR FAILING TO FOLLOW LOCAL RULES CONCERNING FORMATTING IS ORDER PLAINTIFF TO RE-FILE PROPERLY FORMATTED DOCUMENTS

### A. Case Decided on the Merits

While Local Rule 7.1(F) provides this Court with the option of declining to consider any motion that fails to conform with Local Rule requirements, the measure is discretionary. In this case, Plaintiff's failure to submit a proper formatted document occurred prior to the discovery stage. The cases cited by Torres in its Motion to Disregard overwhelmingly concern litigation in the summary judgment phase. See *Aldridge v. Travelers Home and Marine Ins. Co.*, No. 1:16-cv-01247-SCJ, 2019 U.S. Dist. LEXIS 230313 (N.D. Ga. Feb. 21, 2019); Pelican Communs., Inc. v. Travel Ctr. Entm't, LLC, No. 1:15-cv-02878-SCJ, 2019 U.S. Dist. LEXIS 224804 (N.D. Ga. Sept. 16, 2019); *Milon v. Bank of Am., N.A.*, No. 1:14-CV-01405-MHS-GGB, 2015 U.S. Dist. LEXIS 180377 (N.D. Ga. Feb. 19, 2015); *Ali v. Pendergast & Assocs., P.C.*, No. 1:12-CV-02983-RWS-GGB, 2014 U.S. Dist. LEXIS 187881 (N.D. Ga. May 30, 2014); *Mager v. Henry Schein,*

*Inc.*, No. 1:13-CV- 3321-WBH, 2014 U.S. Dist. LEXIS 188999 (N.D. Ga. July 30, 2014).

The lone exception is *Malone v. Cherokee Cty.*, where plaintiff's complaint was deemed to be a "shotgun submission," and cited the wrong amendment to the U.S. Constitution, along with being improperly formatted. No. 1:17-cv-1666-WSD, 2018 U.S. Dist. LEXIS 22056, at *5, n.4 (N.D. Ga. Feb. 9, 2018).

### III. FAIR USE IS AN AFFIRMATIVE DEFENSE

If this Court decides to disregard Plaintiff's Opposition to Torres' Motion to Dismiss, fair use remains an affirmative defense to a claim of copyright infringement, and therefore Torres bears the burden of proof. CPI does not bear the burden of proving infringement by Torres, as detailed in CPI's First Amended Complaint [Dkt. 29], is not fair use.

Under Federal Rule of Civil Procedure 8(c), an affirmative defense "is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp2nd 1167, 1173-74 (N.D. Cal. 2010) (internal quotation marks omitted). *Vandel v. Corelogic, Inc.* Case No. 14-cv-1158-BAS-JLB, at *3 (S.D. Cal. Nov. 17, 2015)

A claim of fair use is an affirmative defense with the burden of proof on the putative infringer. See *Harper & Row, Publishers v. Nation Enters*., 471 U.S. 539, 562, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); Cambridge Univ. Press v. Patton, 769 F.3d 1232, 1280 (11th Cir. 2014). Code Revision Comm'n v. Pub. Resource.org, Inc. 244 F. Supp. 3d 1350, 1357 (N.D. Ga. 2017).

Fair use is a defense that can excuse what would otherwise be an infringing use of copyrighted material. *Cambridge Univ. Press v. Patton*, 769 F.3d 1232, 1238 (11th Cir. 2014)(citing 17 U.S.C. § 107 ("[T]he fair use of a copyrighted work . . . is not an infringement of copyright .")). "To prevail on a claim of fair use, a defendant must convince the court that allowing his or her unpaid use of copyrighted material would be equitable and consonant with the purposes of copyright." *Id.* "In order to make this determination, the court must carefully evaluate the facts of the case at hand in light of four considerations, which are codified in the Copyright Act of 1976: (1) the purpose of the allegedly infringing use , (2) the nature of the original work, (3) the size and significance of the portion of the original work that was copied, and (4) the effect of the allegedly infringing use on the potential market for or value of the original." *Id.*

In contrast, in order to establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright,

and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).

Torres' Motion to Dismiss [Dkt. 31] does not include assertions CPI failed to allege the two required elements of copyright infringement. Rather, Torres asserts its infringement is defensible under the doctrine of fair use, an affirmative defense. CPI is the plaintiff in this matter and is not required to include in its complaint or subsequent amended complaint(s) evidence to rebut Torres' fair use defense.

In fact, moving to dismiss under Rule 12(b)(6) on the basis of an affirmative defense is generally improper. *Brownmark Films LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). A motion to dismiss under Rule 12(b)(6) "tests whether the complaint states a claim for relief." *Id*. "[A]n affirmative defense is external to the complaint" and the "mere presence of a potential affirmative defense does not render the claim for relief invalid." *Richards v. Mitcheff*, 696 F.3d 635, 637–38 (7th Cir. 2012) (noting the general rule that a plaintiff need not plead around affirmative defenses). See also *Murphy v. DCI Biologicals Orlando, LLC*, ("Typically, a defendant does not have an opportunity to prove affirmative defenses in a motion to dismiss, as affirmative defenses do not constitute elements

of a plaintiff's claim. However, 'dismissal under rule 12(b)(6) may be appropriate based on a successful affirmative defense [ ][if] that defense . . . appear[s] on the face of the complaint.'" No. 6:12-cv-1459-Orl-36KRS, 2013 WL 6865772, at *5 (M.D. Fla. Dec. 31, 2013).

Further, fair use is a mixed question of law and fact. *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 560, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985). The court's determination of whether the elements of fair use are satisfied involves weighing at least four statutory factors, which require making factual findings or relying on undisputed or admitted material facts. *Browne v. McCain,* 612 F.Supp.2d 1125, 1130 (C.D.Cal.2009). ("Based on a court's narrow inquiry at this stage and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a 12(b)(6) motion.")

Courts generally do not address the fair use defense until at least the summary judgment phase. *Graham v. Prince*, No. 15 Civ.10160 (SHS), 2017 WL 3037535, at *14 (S.D.N.Y. July 18, 2017). See also *Thornton v. J Jargon Co*., 580 F. Supp. 2d 1261 (M.D. Fla. 2008) (". . . the Court finds that it is premature to address the merits of this defense, as there are underlying issues of material fact.").

If this Court decides on a remedy other than disregarding Plaintiff's Opposition to Torres' Motion to Dismiss as filed on April 20, 2022 (Dkt. 32), Plaintiff has attached a revised version of Plaintiff's Opposition to Torres' Motion to Dismiss to Plaintiff's Response to Defendants Julie Torres Art, LLC, and Julie Torres' Motion to Disregard Plaintiff's Improper Response Brief with exhibits (Dkt. 35) that complies with formatting and page length requirements of the Local Rules for the court's consideration.

## CONCLUSION

WHEREFORE, for the above-stated reasons, Plaintiff CPI requests this court deny Defendants Julie Torres Art, LLC, and Julie Torres' Motion to Disregard Plaintiff's Improper Response Brief.

Dated: May 6, 2022

>*/S/ Gregory S. Smith*
>GREGORY SCOTT SMITH
>State Bar No. 658377
>1055 Prince Ave
>Athens, GA 30606
>(404) 643-3430, Telephone
>gsmith@srtslaw.com
>*Counsel for Plaintiff*
>
>-and-
>
>*/S/ David C. Deal*
>David C. Deal
>The Law Office of David C. Deal, P.L.C.
>P.O. Box 625
>Charlottesville, VA 22902
>(434) 233-2727, Telephone
>david@daviddeal.com
>*Counsel for Plaintiff*
>*Admitted Pro Hac Vice*

<u>CERTIFICATION OF COMPLIANCE WITH LR 5.1</u>

Counsel for Plaintiff CREATIVE PHOTOGRAPHERS, INC. certifies that this document was prepared with Times New Roman 14-point font.

*<u>/s/ David C. Deal</u>*
David C. Deal

Case 1:22-cv-00655-JPB   Document 37   Filed 05/06/22   Page 10 of 10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

_____
:
CREATIVE PHOTOGRAPHERS, INC.,   :
:
   Plaintiff,   :
:
v.   :   Civil Action No.:
:   1:22-cv-00655-JPB
JULIE TORRES ART, LLC, ET AL,   :
:
   Defendants.   :
_____:

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I electronically filed the foregoing document with the Clerk of Court using the EM/ECF System which will automatically send email notification to all attorneys of record. I have also served the foregoing via US Mail and email to counsel for Plaintiff as follows:

John M. Bowler
TROUTMAN PEPPER
HAMILTON SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, Georgia 30308-2216

Dated: May 6, 2022.

                                                     */s/ David C. Deal*
                                                   David C. Deal